1

2     13 JAN -3 AM 9: 38

3

4

5                                                              DEPUTY

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11   KEVCON, INC.,                          CASE NO. 12-CV-2014 BEN (BLM)

12                          Plaintiff,      **ORDER:**

13                                          **(1) GRANTING MOTION TO**
         vs.                                **DISMISS FOR LACK OF**
14                                          **PERSONAL JURISDICTION**

15                                          **(2) DENYING AS MOOT MOTION**
                                            **TO DISMISS FOR IMPROPER**
16   L.B. CONTRACTING, LLC,                 **VENUE, OR IN THE**
                                            **ALTERNATIVE TO TRANSFER**
17                          Defendant.      **FOR IMPROPER VENUE**

18                                          [Docket Nos. 3, 4]

19

20          Presently before the Court is Defendant's Motion to Dismiss for Lack of Personal Jurisdiction

21   (Docket No. 3) and Defendant's Motion to Dismiss for Improper Venue, or in the Alternative to

22   Transfer for Improper Venue (Docket No. 4). For the reasons stated below, the Motion to Dismiss for

23   Lack of Personal Jurisdiction is **GRANTED** and the Motion to Dismiss for Improper Venue is

24   **DENIED AS MOOT.**

25                                  **BACKGROUND**

26          Defendant L.B. Contracting, LLC is an Arizona limited liability company that has its

27   headquarters and principal place of business in Prescott, Arizona. (Bryant Decl. ¶ 2; Def.'s Notice of

28

                                   - 1 -                        12-CV-2014

1  Lodgment ("NOL"), Exh. 2.)[1] L.B. is a licensed general engineering contractor that provides

2  underground utilities installation and related services on construction projects. (Bryant Decl. ¶ 3;

3  NOL, Exh. 3.)

4       Plaintiff Kevcon, Inc., a California corporation, was hired by the federal government to be its

5  general contractor on the Prescott Project. On July 11, 2011, Kevcon and L.B. entered into a written

6  Subcontract Agreement ("Subcontract"). (Compl., Exh. A.) The Subcontract provided that L.B.

7  would perform earthwork, underground utilities, and exterior improvement services in connection with

8  the renovation of the Prescott Project. (*Id.* at 2.) The Subcontract also contained a forum selection

9  clause. The forum selection clause provides, in its entirety:

> Should CONTRACTOR [Kevcon] be required to retain an attorney to enforce the
> terms of AGREEMENT and/or to defend itself against SUBCONTRACTOR [L.B.]
> and third parties as a result of action or inactions of SUBCONTRACTOR [L.B.],
> SUBCONTRACTOR [L.B.] is required to reimburse CONTRACTOR [Kevcon] for
> all reasonable attorneys' fees and costs, including fees and costs of experts retained
> by CONTRACTOR [Kevcon]. SUBCONTRACTOR [L.B.] expressly agrees that all
> legal actions filed against CONTRACTOR [Kevcon] by SUBCONTRACTOR [L.B.]
> are to be filed and litigated only in San Diego County Superior Court unless
> CONTRACTOR [Kevcon] expressly agrees in writing to other venue or jurisdiction.
> All <u>Miller Act</u> claims, disputes and matters in question arising out of, or relating to,
> this AGREEMENT or the breach thereof shall be filed in the United States District
> Court for the Southern District of California, San Diego, CA regardless of the
> geographical location of the PROJECT. SUBCONTRACTOR [L.B.] expressly agrees
> to include this Section 17 in all of SUBCONTRACTOR's [L.B.'s] purchase orders,
> subcontracts or agreements to purchase supplies, materials and/or products.

19  (Compl., Exh. A [Subcontract § 17] (emphasis in original).)

20       Kevcon filed suit on August 14, 2012. (Docket No. 1.) The Complaint asserts one claim

21  against L.B.: breach of contract. (*Id.*) Presently before the Court is L.B.'s Motion to Dismiss for Lack

22  of Personal Jurisdiction.

## DISCUSSION

24       Once a defendant moves to dismiss for lack of personal jurisdiction, it is the plaintiff's burden

25  to establish that jurisdiction is proper. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223

26  (9th Cir. 2011). If there is no evidentiary hearing, the plaintiff need only make, through pleadings and

27  affidavits, "a prima facie showing of the jurisdictional facts." *Myers v. Bennett Law Offices*, 238 F.3d

28  _____

[1] L.B.'s request for judicial notice (Docket No. 3-3) is **GRANTED**. *See* FED. R. EVID. 201(b).

1068, 1071 (9th Cir. 2001). Although "uncontroverted allegations in the complaint must be taken as true," and "[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor," *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002), "'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden," *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007). The Court will draw "reasonable inferences from the complaint in favor of the plaintiff where personal jurisdiction is at stake, and will assume credibility." *Fiore v. Walden*, 688 F.3d 558, 575 (9th Cir. 2012).

L.B. argues that this Court cannot exercise general personal jurisdiction over L.B. because L.B. has had no continuous and systematic general business contacts with California. In addition, L.B. argues that Kevcon has not alleged any actions by L.B. in California warranting the exercise of personal jurisdiction of California courts over L.B. under a specific jurisdiction analysis. Kevcon does not argue that this Court is able to exercise general or specific personal jurisdiction over L.B. Rather, Kevcon argues that this Court may exercise personal jurisdiction over L.B. based on the forum selection clause in the Subcontract.

The interpretation of a contract is a matter of law. *See Brobeck, Phleger & Harrison v. Telex Corp.*, 602 F.2d 866, 871 (9th Cir. 1979). A federal court exercising diversity jurisdiction over a matter will interpret the forum selection clause according to federal law. *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). When interpreting a contract under federal law, courts look to "general principles for interpreting contracts." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009) (internal quotation marks omitted). Written contracts should be read "as a whole" and courts "interpret each part with reference to the whole." *Id.* In addition, "[c]ontract terms are to be given their ordinary meaning, and when the terms of a contract are clear, the intent of the parties must be ascertained from the contract itself." *Id.* (internal quotation marks omitted).

The only part of Section 17 that Kevcon argues applies to the present action is the clause that reads: "All Miller Act claims, disputes and matters in question arising out of, or relating to, this AGREEMENT or the breach thereof shall be filed in the United States District Court for the Southern District of California, San Diego, CA regardless of the geographical location of the PROJECT." (*See*

Opp. at 6-8.)   Kevcon argues that this clause applies not only to Miller Act claims, but also to "disputes and matters in question arising out of, or relating to, the AGREEMENT or the breach thereof."   Kevcon argues that because it has asserted a claim for breach of contract against L.B., Kevcon has rightly filed its complaint in this Court.

This clause is limited to claims brought under the Miller Act, and does not apply to breach of contract actions between a contractor and subcontractor. This is apparent when the clause is read in conjunction with the other provisions of Section 17. First, this clause regarding Miller Act claims would conflict with the previous provision regarding forum selection for all other actions brought by L.B. if it were applicable to actions other than ones bringing claims under the Miller Act. In other words, if this provision applied to actions other than ones bringing claims under the Miller Act, L.B. would be required to bring suit in both the San Diego County Superior Court and the Southern District of California.

Second, this clause can only logically be interpreted to apply exclusively to actions bringing claims under the Miller Act because it would not be sufficient to confer jurisdiction in other cases. "[N]o action of the parties can confer subject-matter jurisdiction upon a federal court." *NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008) (internal quotation marks omitted). In regards to diversity jurisdiction, the amount in controversy requirement is "an ingredient of subject-matter jurisdiction" and only exists where the matter in controversy exceeds $75,000. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514-15 (2006); *see also* 28 U.S.C. s 1332(a). This clause regarding Miller Act claims could not confer subject-matter jurisdiction in the Southern District of California in any controversy involving less than $75,000, unless federal question jurisdiction already existed, as conferred by the Miller Act.

Because the Complaint alleges only a breach of contract claim against L.B., and does not allege a Miller Act claim, Section 17 of the Subcontract does not apply here. As this issue is dispositive, the parties' remaining arguments need not be addressed. This Court may not exercise personal jurisdiction over L.B.

///

///

**CONCLUSION**

For the reasons stated above, the Motion to Dismiss for Lack of Personal Jurisdiction is **GRANTED**. This action is dismissed pursuant to Rule 12(b)(2) for lack of personal jurisdiction over L.B.

The concurrently filed Motion to Dismiss for Improper Venue, or in the Alternative to Transfer for Improper Venue is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

DATED: January ___, 2013

HON. ROGER T. BENITEZ
United States District Judge